JUDGE GARDEPHE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
GLENCORE LTD.,

               Plaintiff,

       -against-

HESS ENERGY TRADING COMPANY, LLC,

               Defendant.
-----------------------------------------------------------X

14 Civ. 8813

COMPLAINT

RECEIVED
NOV 05 2014
U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiff, Glencore Ltd. ("Glencore"), by its undersigned attorneys, Clyde & Co US LLP, complaining of the defendant, Hess Energy Trading Company, LLC ("HETCO") herein, alleges upon information and belief as follows:

**JURISDICTION AND VENUE**

1. This Court has original subject matter jurisdiction in diversity pursuant to 28 U.S.C. § 1332(a)(2), as the amount in controversy exceeds $75,000, exclusive of interest and costs.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391 since HETCO's principal place of business is within this District.

**PARTIES**

3. At all material times, Glencore was and now is a foreign business corporation with an office and its principal place of business in Switzerland, with an office and place of business at Three Stamford Plaza, 301 Tresser Boulevard, Stamford, Connecticut 06901-3244.

4. At all material times, upon information and belief, HETCO was and now is a limited liability company duly organized and existing under the laws of Delaware, with an office and principal place of business at 1185 Avenue of the Americas, New York, New York 10036.

5. At all material times, HETCO was and now is authorized to conduct business in this District and has consented to the jurisdiction of this Honorable Court.

### FIRST CAUSE OF ACTION:
### BREACH OF CONTRACT

6. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-5 herein with the same force and effect as if set forth at length.

7. On or about January 23, 2014, HETCO, as seller, and Glencore, as buyer, entered into an agreement for the sale and purchase of approximately 50,000 to 53,000 barrels of Naphtha (the "Cargo").

8. Pursuant to the parties' agreement, HETCO agreed to deliver the Cargo to Glencore on FOB terms from a shore tank at Magellan Galena Park, Texas between January 25-30, 2014.

9. On or about January 23, 2014, HETCO provided to Glencore a certificate of analysis of samples of the Cargo drawn from the shore tank.

10. The certificate of analysis of the shore tank samples provided by HETCO to Glencore certified that the quality of the Cargo met the specifications agreed upon by the parties.

11. Pursuant to the parties' agreement, HETCO was obligated to tender Cargo to Glencore that met the specifications of the shore tank samples set forth in the certificate of

analysis provided by HETCO to Glencore on or about January 23, 2014.

12. Glencore had agreed to purchase the Cargo from HETCO on the grounds that the Cargo met the specifications of the shore tank samples set forth in the certificate of analysis provided by HETCO to Glencore on or about January 23, 2014.

13. HETCO knew, or should have known, that Glencore agreed to purchase the Cargo from HETCO on the grounds that the Cargo met the specifications of the shore tank samples set forth in the certificate of analysis provided by HETCO to Glencore on or about January 23, 2014.

14. Thereafter, Glencore directed that samples of the Cargo in the shore tank be sampled and tested by two independent inspectors.

15. Upon testing of the shore tank samples prior to loading, the independent inspectors certified that, based on their analysis of those samples, the quality of the Cargo failed to meet the specifications for the Cargo agreed upon by the parties.

16. HETCO misrepresented to Glencore that the specifications for the Cargo met the specifications agreed upon by the parties.

17. HETCO's failure to tender Cargo that met the specifications agreed upon by the parties constituted a material breach of the parties' agreement by HETCO.

18. As a result of HETCO's breach, Glencore sustained damages in the sum of approximately $1,000,000, as nearly as the same can now be estimated, no part of which has been paid. Glencore reserves the right to increase this amount should its losses and damages ultimately be in excess thereof.

19. All conditions precedent required of Glencore have been performed.

**WHEREFORE**, plaintiff prays that this Honorable Court:

1. Enter judgment in the sum of at least $1,000,000 in favor of plaintiff and against the defendant, together with interest, costs and attorneys' fees; and

2. That the plaintiff be granted such other and further relief as this Honorable Court may deem just and proper in the premises.

Dated: November 5, 2014
 New York, New York

> **CLYDE & CO US LLP**
> Attorneys for Plaintiff
> Glencore Ltd.
>
> By: _/s/ John R. Keough_
> John R. Keough, III
> Casey D. Burlage
> The Chrysler Building
> 405 Lexington Avenue, 16th Floor
> New York, New York 10174
> Tel.: (212) 710-3983
> Fax: (212) 710-3950
> Email: John.Keough@clydeco.us